697 P.2d 1229

STATE of Idaho, Plaintiff-Respondent,

v.

Elmer Wayne ADAMS, Defendant-Appellant.

No. 15024.

Court of Appeals of Idaho.

March 28, 1985.

Michael Doolittle and Dennis J. Sallaz, (Sallaz & Scanlan), Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Elmer Wayne Adams was convicted in May, 1981, of reckless driving. Although he was sentenced to six months in the county jail and fined $300, the jail sentence was suspended and Adams was placed on probation for twenty-four months. One condition of probation provided that Adams not violate any laws, statutes or ordinances. In May, 1982, the Valley County Prosecuting Attorney filed a motion for an order to show cause why Adams' probation should not be revoked. Following a probation revocation hearing, Adams' probation was revoked by the magistrate. He was then ordered to serve ninety days of the six-month sentence and the remainder of the jail sentence was suspended. Adams appealed the decision revoking his probation to the district court. The district court affirmed the magistrate's revocation order and Adams appeals the affirmance order. We also affirm.

Adams raises the following issues. First, he contends he was not given notice and opportunity to defend against one of the grounds the magistrate found as a basis to revoke probation. Second, he urges the magistrate erred in orally ruling that Adams had committed the offense of "failure to yield," when that offense had not been alleged or proved as a grounds for probation revocation. Third, he argues the magistrate should not have considered a conviction, which was then on appeal, in determining whether Adams' probation should be revoked. Finally, he asserts the sentence imposed by the magistrate was excessively harsh and was an abuse of discretion. We will address each of these issues in turn.

I

While Adams was on probation, he was cited to appear and show cause why his probation should not be revoked. The prosecutor alleged that, during the probation period, Adams had been convicted of the following offenses: driving while under the influence, driving while his operator's license was suspended, inattentive driving, basic rule violation, and resisting and obstructing an officer.

At the show cause hearing, on July 12, 1982, the prosecutor presented evidence that, while on probation, Adams had been found guilty by a jury of driving while under the influence; that Adams had pled guilty to a charge of operating a vehicle while his license was suspended; and that Adams had pled guilty to a charge of failure to signal while changing lanes. In

response to this evidence, Adams' counsel requested a continuance in order to obtain more information on the status of the driving under the influence conviction. The court granted the request and the case was continued for a twenty-five day period. At the next hearing, on August 6, 1982, Adams' counsel presented evidence that the conviction for driving under the influence was on appeal. Counsel therefore argued the only charges which could be considered by the court for probation violation would be the traffic offenses which Adams had admitted, i.e. operating a vehicle while his license was suspended and failure to signal while changing lanes.

In determining Adams had violated his probation, the magistrate ruled from the bench that, aside from the issue of whether the driving under the influence conviction should be considered because it was on appeal, "[t]he driving while suspended and the failure to yield is sufficient to set aside the suspended portion of his jailtime." Thereafter, the magistrate entered a written "Order Reinstating Suspended Portion of Judgment." That order recited:

> Probationer was not to violate any laws. The court found probationer had violated Idaho Code 49–664 [failing to signal when changing lanes], 49–1532 [driving while license suspended] and 49–1102 [driving while under the influence] during the term of probation.

■ Adams' first contention on appeal is that he was not given notice or opportunity to defend against the prosecutor's allegation concerning the lane change conviction. He correctly points out that this allegation was not contained in the moving documents which resulted in the show cause hearing but, rather, was first asserted by the prosecutor at the hearing in July, 1982. However, we find no reversible error. During the July, 1982, hearing Adams admitted the conviction for driving while his license was suspended. On this conviction alone, the magistrate could have found Adams had violated his probation. Adams did not contest, nor request a continuance to prepare for, the prosecutor's proof by a certified

copy of court records showing that Adams also had been convicted of the offense of failing to signal while changing lanes. He requested, and was granted, a continuance to resist the alleged driving while under the influence conviction. When the hearing resumed in August, 1982, Adams contested only the conviction for driving while under the influence. He did not assert, nor did he show, at any time any prejudice resulting from the prosecutor's proof that he had been convicted of failing to signal when changing lanes. We hold that where an objection to the proof was not promptly made and where a continuance was granted, albeit for another reason, no reversible error occurred. Under the circumstances of this case Adams was not deprived either of notice or opportunity to defend against the alleged conviction for failing to signal.

## II

■ Next, Adams contends the magistrate erred in orally finding in open court that a "failure to yield" offense was grounds for revoking probation. Adams submits that a charge of "failure to yield" was neither pleaded nor proved by the prosecutor. We are not persuaded that the magistrate's oral statement created any reversible error. The record is clear that such an offense was not in issue before the court. The terminology used by the court was perhaps precipitated when the prosecutor, during oral argument, twice made statements to the effect: "we have proved violation of the period of probation, that would be the DWS [driving while license is suspended] and the failure to yield conviction within the probationary period...." No allegation had been made nor any proof presented that Adams had been convicted of an offense of failing to yield. We believe the prosecutor simply mis-spoke and the magistrate followed suit. Any doubt was dispelled when the magistrate entered the written order stating the court's findings that Adams had violated his probation by driving while under the influence, failing to signal when changing lanes, and driving on a suspended license. We are not persuaded that any reversible error oc-

curred when the magistrate orally stated that "failure to yield is sufficient to set aside the suspended portion of [Adams'] jailtime."

### III

■ Next, Adams argues that it was error for the magistrate to consider the conviction for driving under the influence, in deciding to revoke Adams' probation, because that conviction was on appeal. We disagree. The clear majority of jurisdictions faced with a similar issue have decided that revocation of probation for a subsequent criminal conviction is proper, notwithstanding that the conviction is subject to appeal. Annot., 76 A.L.R.3d 588 (1977). For example, in *Roberson v. State of Connecticut,* 501 F.2d 305 (2d Cir.1974), an applicant in a habeas corpus proceeding argued that his constitutional rights had been violated because his probation had been revoked on the basis of other convictions then under appeal. The Circuit Court of Appeals held:

> While appellant's argument has a superficial appeal, we do not believe his due process claim is valid. Essentially, appellant is contending that he has a federally protected right to suspension of the revocation order during the pendency of his appeal from the conviction that triggered the revocation. Clearly, he has no such right. All that is required for revocation of probation is that the court be satisfied that the probationer has abused the opportunity given him to avoid incarceration.... A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review. [Citations omitted.]

501 F.2d at 308. We hold the magistrate did not err in considering Adams' convic-

tion for driving while under the influence in deciding to revoke probation.

### IV

■ Finally, Adams submits that the magistrate court abused its sentencing discretion. We find no abuse of discretion. The sentence imposed was within the statutory limits prescribed upon conviction for reckless driving. I.C. § 49-1103. A computer print-out obtained from the Idaho Department of Law Enforcement, containing a list of Adams' prior traffic convictions, was submitted to the magistrate without objection by Adams. It shows thirty-one traffic convictions in three states, since 1974. The magistrate's decision to incarcerate Adams was appropriate to impress upon him the gravity of his conduct, to protect society, and to deter him from similar conduct in the future.

The order of the district court, sustaining the magistrate's order revoking probation and imposing sentence, is affirmed.

BURNETT and SWANSTROM, JJ., concur.